Harrison, Ch. J. and Hanson, J. (Goldsborough, J.
dissent.) said, that tender might be given in evidence on non assumpsit under the act, and the jury were directed, “ that if the money tendered was the emission of 1777, and amounted to one fourth of the debt- demanded, it was a discharge pro 'tanto."(a) They also said, that whatever in conscience or equity will bar the plaintiff’s claim may be given in evidence on non assumpsit, and need not be pleaded. Burr. 1553. Bl. Rep. 988.
A verdict was found for plaintiff, and damages 325l. 10s. 2d. current money. The verdict was taken subject to the opinion of the court, on the¿following/)ozwí saved, to wit:
It is agreed that the defendant passed the note and as» *320 sumption in the declaration mentioned, in the following words, viz:
“These are to certify, that I have this day settled accounts with Adam Steuart, on behalf of Colin Dunlop and Son Co, down to the 1st of January, 1772, and the balance due them is 606/. 2s. 9. 3-4d. sterling money, bearing interest from the 10th of October last, and to be paid off in bills of exchange, or current money at the exchange then going. As witness my hand this 27th day of February, 1772;
“ Jacob Funk.”
And that the plaintiffs and defendant were British subjects at the time of the passing of the said note and assumption.
It is also agreed, that on the 10th of July, 1777, there was due for principal and interest on the said note and assumption, the sum of 1,229/. 7s. and the principal sum mentioned in the said note and assumption of 606/. 2s; 9. 3-4d. sterling, equal to 1,010/. 4s. 7d. current money, carried an interest of six per cent. That the plaintiffs continued British subjects from the 27th of February, 1772, the date of the said assumption, till the present time, and still are British subjects. That the defendant, on the 4th of July, 1776, became a citizen of this state, always since that time hath been, and now is, a citizen of this state.
On the trial of the issue in this cause, the defendant proved that he made a tender of 990/. in continental bills of credit, emitted before the 20th of April, 1777, to William Wilson and John Peter, attorneys in fact for the plaintiffs in this state, which they refused to receive. The jury gave a verdict for the plaintiffs for the balance, with interest from the peace, amounting to 325/. 10s. 2d. current money.
It is agreed that such verdict shall be subject to the opinion of the court upon the question which arose in this cause, whether the tender to the agents of the plain *321 tiffs was good in law to bar their claim for the sum tendered, notwithstanding the definitive treaty of peace between Great Britain and America; and if the court shall be of opinion that such tender is not a bar to so much of the plaintiffs’ claim as the same amounted to, that then judgment shall be entered for such sum as they may determine to be due, setting aside the tender; but if the court shall be of opinion that the tender was good and valid, notwithstanding the treaty of peace, that then judgment for the damages found by the jury shall remain.
Potts and Cooke, for the plaintiffs.
Martin, (Attorney-General,) for the defendant.
The general court gave judgment upon the point saved for the plaintiffs for 1,886l. 4s. 1. 1-4d* current money, damages and costs.
The defendant appealed to the court of appeals, where the case was entered agreed, at November term, 1794.

 See the note in Hanson’s Laws of Maryland, to the act of February session, 1777, c. 9.